## BENHAM, APPELLANT, v. THE LEMHI MINING, MILLING AND REDUCTION COMPANY, RESPONDENT.

[Submitted November 13, 1896. Decided November 16. 1896.]

APPEAL—*Insufficient specification of errors.*—A mere statement in a notice of intention to move for a new trial that it is based "on the ground of errors in law occurring at the trial and excepted to by the plaintiff," is a wholly insufficient specification of errors.

SAME—*Error in refusing to admit evidence—Insufficiency of record.*—Where the record on appeal does not contain the evidence in chief introduced by the plaintiff nor the evidence introduced by the defendant, alleged error in the refusal of the court to permit the plaintiff to introduce certain evidence in rebuttal cannot be considered.

*Appeal from Second Judicial District, Silver Bow County.*

ACTION to recover for services. Judgment was rendered for the defendant below by MCHATTON, J. Affirmed.

Statement of the case by the justice delivering the opinion.

By this action plaintiff seeks to recover of the defendant the sum of $1,750, claimed to be a balance due plaintiff for his services as superintendent of the mining and milling operations of the defendant in Idaho and Montana. The answer admits the services, but denies the value thereof, and also pleads a counterclaim. The replication denies the counterclaim. The case was tried to the court with a jury. A verdict was

rendered for the defendant and judgment entered thereon. The plaintiff appeals from the judgment and order denying a new trial.

*Stephen De Wolfe,* for Appellant.

*J. W. Cotter,* for Respondent.

PEMBERTON, C. J.—The respondent contends that this court cannot consider the appeal in this case, for the reason that the record nowhere contains any specification of errors.

Plaintiff's notice of intention to move for a new trial is based "on the ground of errors in law occurring at the trial and excepted to by the plaintiff." An inspection of the record discloses that this is the only attempt at any specification of errors. The record contains nowhere any other pretense of a specification of errors. We are, therefore, at a loss to determine from an inspection of the record what errors were assigned and specified as grounds for a new trial in the court below, if in fact any errors were assigned.

The principal ground of error contended for in appellant's brief is that the court refused to permit the plaintiff to introduce certain evidence, claimed to be rebuttal; but the respondent says in his brief that the plaintiff in opening the case, and in introducing his testimony in chief, went thoroughly into the case, including the plaintiff's evidence and cause of action, as well as all matters of the defense set up in the answer, and that the evidence which plaintiff sought to introduce under the claim of rebuttal was substantially the same evidence which the plaintiff had introduced in his evidence in chief. But, however this may be, the record does not contain the evidence in chief introduced by the plaintiff, nor the evidence introduced by the defendant, which plaintiff offered to rebut, and which he complains that the court would not permit him to do.

Under these circumstances, if there were in the record sufficient specifications of errors to enable us to consider the case, still we could not determine whether the evidence sought to

be introduced, and which was excluded by the court, was rebuttal or not. Under these conditions, and in view of the insufficient record in the case, the presumption is that the action of the court in the matters complained of was correct.

We are, therefore, of opinion that the judgment and order appealed from should be affirmed, and it is so ordered.

*Affirmed.*

HUNT, J., concurs. DE WITT, J., not sitting.